IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL O'CALLAGHAN,                                3:12-CV-00201-BR

       Plaintiff,                                OPINION AND ORDER

v.

CITY OF PORTLAND; MULTNOMAH
COUNTY SHERIFF; WESTSIDE
COMMUNITY COURT; JUDGE EVANS;
JUDGE BLANK; CITY OF PORTLAND
HEARINGS OFFICER GREGORY
FRANK; DIRECTOR KURT NELSON,
CITY PARKS; MARK PAMITER,
PORTLAND POLICE; 3 JOHN DOE
POLICE OFFICERS,

       Defendants.


MICHAEL O'CALLAGHAN
P.O. Box 3321
Portland, OR 97208
(503)960-3787

       Plaintiff, *Pro Se*

JAMES H. VAN DYKE

1 - OPINION AND ORDER

City Attorney
**JAMES G. RICE**
Deputy City Attorney
City of Portland
1221 S.W. Fourth Avenue
Room 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendants City of Portland, Kurt Nelson,
       Gregory Frank, and Mark Palmiter

**JENNY MORF**
Multnomah County Counsel
**DAVID N. BLANKFELD**
Assistant County Counsel
501 S.E. Hawthorne Boulevard
Suite 500
Portland, OR 97214
(503) 988-3138

       Attorneys for Defendant Multnomah County Sheriff

**ELLEN F. ROSENBLUM**
Attorney General
**JESSICA L. MCKIE**
Assistant Attorney General
Oregon Department of Justice
1515 S.W. Fifth Ave, Suite 410
Portland, OR 97201
971-673-1880

       Attorneys for Defendants Judge Steve Evans and Judge
       Harold Blank


**BROWN, Judge.**

    This matter comes before the Court on the Motion (#24) of
Defendants Judge Steve Evans and Judge Harold Blank to Dismiss
Plaintiff's Complaint and the Motion (#28) of Defendant Multnomah
County Sheriff to Dismiss Plaintiff's Complaint.  For the reasons
that follow, the Court **GRANTS** Defendants' Motions.

2 - OPINION AND ORDER

## BACKGROUND

Plaintiff Michael O'Callaghan brings this civil-rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint is a long narration of various contacts with Portland Police Officers and various legal proceedings occurring from May 2009 through December 2011.  Plaintiff does not set out the specific state or federal laws or provisions of the United States Constitution that Defendants allegedly violated.

On June 8, 2012, Judges Evans and Blank filed a Motion to Dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  On June 12, 2012, Defendant Multnomah County Sheriff filed a Motion to Dismiss Plaintiff's claims against him.

On November 1, 2012, Plaintiff filed a Response to the Motion to Dismiss filed by Judges Evans and Blank.  Plaintiff did not file a Response to Multnomah County Sheriff's Motion to Dismiss.  The Court took this matter under advisement on November 15, 2012.

## STANDARDS

I.  **Dismissal for lack of jurisdiction pursuant to Rule 12(b)(1)**

Plaintiff has the burden to establish that the court has subject-matter jurisdiction.  *Ass'n of Am. Med. Coll. v. United*

3 - OPINION AND ORDER

*States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations. *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005). The court may permit discovery to determine whether it has jurisdiction. *Laub v. United States Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When the court "receives only written submissions, the plaintiff need only make a *prima facie* showing of jurisdiction." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

## II. Dismissal for failure to state a claim pursuant to Rule 12(b)(6)

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*], 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the

4 - OPINION AND ORDER

allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court must construe *pro se* filings liberally. If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

## MOTION (#24) TO DISMISS OF JUDGES BLANK AND EVANS

**I.  Background**

The following facts are taken from Plaintiff's Complaint and attachments to the Complaint and are undisputed by Judges Blank and Evans for purpose of this Motion unless otherwise noted.

On May 7, 2009, Plaintiff alleges he had a "trial" without a jury "resulting in two . . . exclusions."  Compl. at 4.

On January 27, 2011, Plaintiff was charged in Multnomah County Community Court with a violation of Criminal Mischief in Case No. 1101-40807.  On January 27, 2011, Plaintiff failed to appear for his scheduled arraignment.  On February 10, 2011, Plaintiff appeared for arraignment and entered a plea of not guilty.

Plaintiff alleges Judge Evans advised Plaintiff that "if [he] plead not guilty[, he] would give up [his] right to a jury trial" in Community Court.  Compl. at 10.  Plaintiff declined Community Court and requested a trial.

On March 14, 2011, Plaintiff appeared in Community Court before Judge Evans.  Also on March 14, 2011, Plaintiff was found guilty of the violation of Criminal Mischief.

On March 28, 2011, Plaintiff appealed his conviction to the Multnomah County Circuit Court.  On October 6, 2011, the Multnomah County Circuit Court dismissed Plaintiff's appeal for

6 - OPINION AND ORDER

lack of prosecution.

As noted, on February 3, 2012, Plaintiff filed a civil-rights action in this Court pursuant to 42 U.S.C. § 1983.

On June 8, 2012, Judges Blank and Evans filed a Motion to Dismiss on the grounds of:  (1) judicial immunity; (2) lack of jurisdiction under *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) the Eleventh Amendment; and (4) the Oregon Tort Claims Act (OTCA), Or. Rev. Stat. § 30.275(1) and (2).

## II.  Judicial Immunity

Judges are absolutely immune from liability for damages, injunctive relief, and declaratory relief arising from acts performed in their judicial capacity.  *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *overruled on other grounds by B. Braun Med., Inc. v. Rogers*, 163 F. App'x 500 (9th Cir. 2006).  "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority."  *Meek v. County of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999)(citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)).  As noted, it is difficult to discern Plaintiff's claims and allegations as to each individual Defendant.  Nevertheless, to the extent that Plaintiff alleges Judges Evans and/or Blank conducted his various trials and/or convicted him in error, maliciously, or in excess of their authority, Judges Blank and Evans are judicially immune from liability.

### III. Lack of Jurisdiction

To the extent that Plaintiff alleges the actions of Judges

Evans and Blank were unconstitutional,

> a federal district court has no jurisdiction "over
> challenges to state-court decisions, in particular
> cases arising out of judicial proceedings, even if
> those challenges allege that the state court's
> action was unconstitutional." *District of
> Columbia Court of Appeals v. Feldman*, 460 U.S.
> 462, 486 (1983). "This rule applies even [when]
> . . . the challenge is anchored to alleged
> deprivations of federally protected due process
> and equal protection rights." *Id.* at 486
> (internal citation omitted).

*Driggers v. Idaho Dep't of Health & Welfare*, No. CV08-116-N-BLW,

2008 WL 2095683, at *1 (D. Idaho May 16, 2008)(citing *Ankenbrandt

v. Richards*, 504 U.S. 689 (1992)).  Accordingly, this Court does

not have jurisdiction to review the decisions of Judges Evans or

Blank.

In addition, to the extent that Plaintiff seeks to challenge

his state-court convictions, this Court lacks jurisdiction to

review those matters because Plaintiff has not established his

convictions have been reversed, expunged, declared invalid, or

called into question upon issuance of a writ of habeas corpus by

a federal court.  *Heck*, 512 U.S. at 486-87.

In *Heck* the Supreme Court held "habeas corpus is the

exclusive remedy for a state prisoner who challenges the fact or

duration of his confinement and seeks immediate or speedier

release, even though such a claim may come within the literal

terms of § 1983." *Id*. at 481.  Thus, a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.  *Id*. at 486-87.  The Supreme Court has also extended this holding to civil-rights actions in which the plaintiffs seek declaratory or injunctive relief as well as damages.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Accordingly, the Court grants the Motion to Dismiss of Judges Evans and Blank.


## <u>MULTNOMAH COUNTY SHERIFF'S MOTION (#28) TO DISMISS</u>

Defendant Multnomah County Sheriff moves to dismiss Plaintiff's claims against him on the grounds that Plaintiff failed to give Tort Claim Notice as required under Oregon Revised Statute § 30.275 and Plaintiff fails to set out any facts or legal allegations in his Complaint specifically against the Multnomah County Sheriff.

## I.  **Tort Claim Notice**

The OTCA provides in pertinent part:  "No action arising from any act or omission of a public body or an officer, employee or agent of a public body . . . shall be maintained unless notice

of claim is given as required by this section."  Or. Rev. Stat. § 30.275(1).  "Under ORS 30.275(1), no action arising from a public body's tort can be maintained without timely tort claim notice."  *Barns v. City of Eugene*, 183 Or. App. 471, 474 (2002).  The OTCA further requires a plaintiff to provide notice of his claim within "180 days after the alleged loss or injury."  Or. Rev. Stat. § 30.275(2)(b).

Plaintiff has not alleged in his Complaint that he provided the Multnomah County Sheriff with notice of any claim against him.  Accordingly, to the extent that Plaintiff seeks to allege state-law claims against the Multnomah County Sheriff, the Court grants Defendant Multnomah County Sheriff's Motion to Dismiss on the ground that Plaintiff has failed to allege he provided timely Tort Claim Notice.  In any event, even if Plaintiff gave timely Tort Claim Notice, the proper Defendant would be Multnomah County rather than its Sheriff.  *See* Or. Rev. Stat. § 30.265(2).

## II.  **Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) requires a Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Ninth Circuit has made clear that

> dismissal for failure to state a claim is proper [when] there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  In addition, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially

10 - OPINION AND ORDER

plausible claim to relief.

*Shroyer v. New Cingular Wireless Svcs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2012).  The Court recognizes complaints by *pro se* plaintiffs must be liberally construed.  Nevertheless, even a *pro se* plaintiff's complaint must contain "sufficient factual matter to state a facially plausible claim to relief."  Plaintiff's Complaint, however, does not contain any factual allegations specifically related to the Multnomah County Sheriff or any employee of the Multnomah County Sheriff.

Accordingly, the Court grants Multnomah County Sheriff's Motion to Dismiss.


## <u>CONCLUSION</u>

For these reasons, the Court **GRANTS** the Motion (#24) of Defendants Judge Steve Evans and Judge Harold Blank to Dismiss Plaintiff's Complaint and because there is not a plausible basis on which Plaintiff might replead the claims against these judges, the Court **DISMISSES** these claims **with prejudice.**  The Court also **GRANTS** the Motion (#28) of Defendant Multnomah County Sheriff to Dismiss Plaintiff's Complaint as to the claims against him.

Plaintiff may file an amended complaint to cure the deficiencies noted above as to Defendants other than Judges Evans and Blank **no later than February 6, 2013.**  The Court advises Plaintiff that failure to file an amended complaint and to cure

11 - OPINION AND ORDER

the deficiencies set out in this Opinion and Order by February 6, 2013, shall result in the dismissal with prejudice of the remainder of his claims against any other Defendants arising from these facts.

IT IS SO ORDERED.

DATED this 16th day of January, 2013.


/s/ Anna J. Brown
_____

ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER