IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL O'CALLAGHAN,                         3:12-CV-00201-BR

         Plaintiff,                          OPINION AND ORDER

v.

CITY OF PORTLAND; MULTNOMAH
COUNTY SHERIFF; WESTSIDE
COMMUNITY COURT; JUDGE EVANS;
JUDGE BLANK; CITY OF PORTLAND
HEARINGS OFFICER GREGORY
FRANK; DIRECTOR KURT NELSON,
CITY PARKS; MARK PAMITER,
PORTLAND POLICE; 3 JOHN DOE
POLICE OFFICERS,

         Defendants.


MICHAEL O'CALLAGHAN
P.O. Box 3321
Portland, OR 97208
(503) 960-3787

         Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**JAMES H. VAN DYKE**
City Attorney
**JAMES G. RICE**
Deputy City Attorney
City of Portland
1221 S.W. Fourth Avenue
Room 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendants City of Portland, Kurt Nelson,
       Gregory Frank, and Mark Palmiter

**JENNY MORF**
Multnomah County Counsel
**DAVID N. BLANKFELD**
Assistant County Counsel
501 S.E. Hawthorne Boulevard
Suite 500
Portland, OR 97214
(503) 988-3138

       Attorneys for Defendant Multnomah County Sheriff

**ELLEN F. ROSENBLUM**
Attorney General
**JESSICA L. MCKIE**
Assistant Attorney General
Oregon Department of Justice
1515 S.W. Fifth Ave, Suite 410
Portland, OR 97201
971-673-1880

       Attorneys for Defendants Judge Steve Evans and Judge
       Harold Blank

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Motion

(#61) for Recusal.  For the reasons that follow, the Court **DENIES**

Plaintiff's Motion.

2 - OPINION AND ORDER

## DISCUSSION

Plaintiff Michael O'Callaghan seeks an Order recusing the undersigned judicial officer from presiding over this action for failing "to reveal that she was a Multnomah County Judge for over seven years and she worked with defendants Stevens and Blank."

Sections 144 and 455 of Title 28 of the United States Code govern the recusal of a district judge.  Under both statutes a district judge must recuse herself if a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned.  *Liteky v. United States*, 114 S. Ct. 1147, 1150, 1154 (1994).  *See also Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993), and *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).  "To warrant recusal, judicial bias must stem from an extrajudicial source." *Taylor*, 993 F.2d at 712.

Here Plaintiff seeks the recusal of this judicial officer on the ground that she previously served as a Multnomah County Circuit Judge.  The Court notes her prior state judicial service is a matter of public record, ended more than 13 years ago, and, in any event, did not involve any relationship with any Defendant that might justify questioning her impartiality in this matter.  Plaintiff, moreover, does not provide any factual basis that warrants recusal.  Finally, this Court has reviewed its Orders in this matter and notes for this record that its decisions were not

the product of personal bias against Plaintiff.  In short, there is not any objectively reasonable basis to question the impartiality of this judicial officer.

Accordingly, the Court concludes Plaintiff has failed to make any showing that this judicial officer is personally biased against him, and, therefore, the Court denies Plaintiff's Motion to Recuse.


## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#61) for Recusal.

IT IS SO ORDERED.

DATED this 20th day of February, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge