IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL O'CALLAGHAN,                           3:12-CV-00201-BR

       Plaintiff,                           OPINION AND ORDER

v.

CITY OF PORTLAND; MULTNOMAH
COUNTY SHERIFF; WESTSIDE
COMMUNITY COURT; CITY OF
PORTLAND HEARINGS OFFICER
GREGORY FRANK; DIRECTOR KURT
NELSON, CITY PARKS; MARK
PAMITER, PORTLAND POLICE;
3 JOHN DOE POLICE OFFICERS,

       Defendants.


MICHAEL O'CALLAGHAN
P.O. Box 3321
Portland, OR 97208
(503)960-3787

       Plaintiff, *Pro Se*

JAMES H. VAN DYKE

1 - OPINION AND ORDER

City Attorney
**JAMES G. RICE**
Deputy City Attorney
City of Portland
1221 S.W. Fourth Avenue
Room 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendants City of Portland, Kurt Nelson,
       Gregory Frank, and Mark Palmiter

**JENNY MORF**
Multnomah County Counsel
**DAVID N. BLANKFELD**
Assistant County Counsel
501 S.E. Hawthorne Boulevard
Suite 500
Portland, OR 97214
(503) 988-3138

       Attorneys for Defendant Multnomah County Sheriff


**BROWN, Judge.**

This matter comes before the Court on Defendant Multnomah County Sheriff's Motion (#68) to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(1) and (6); Plaintiff's Motion (#79) for Expedited Consideration of Restraining Order, Injunctive Relief; and Plaintiff's Motion (#89) for Emergency Injunctive Relief.  For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motions.


<u>**BACKGROUND**</u>

On February 3, 2012, Plaintiff Michael O'Callaghan filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against the City of

2 - OPINION AND ORDER

Portland, Multnomah County Sheriff, Westside Community Court,
Judge Evans, Judge Blank, Gregory Frank, Kurt Nelson, PPB
Palmiter, and three John Doe Portland police officers.
Plaintiff's Complaint consisted of a lengthy narration of
numerous contacts that Plaintiff has had with Portland police
officers and various legal proceedings from May 2009 through
December 2011.  Plaintiff did not set out the specific state or
federal laws or provisions of the United States Constitution that
Defendants allegedly violated.

On June 12, 2012, Defendant Multnomah County Sheriff filed a
Motion to Dismiss Plaintiff's claims against him.  Plaintiff did
not file a Response to the Motion, and the Court took the Motion
under advisement on November 15, 2012.

On January 16, 2013, the Court issued an Opinion and Order
granting Multnomah County Sheriff's Motion to Dismiss on the
grounds that (1) to the extent that Plaintiff sought to allege
state-law claims against the Multnomah County Sheriff, Plaintiff
failed to allege that he provided timely Tort Claim Notice;
(2) to the extent that Plaintiff sought to allege state-law
claims against the Multnomah County Sheriff, the proper Defendant
would be Multnomah County; and (3) Plaintiff failed in his
Complaint to set out any factual allegations specifically related
to the Multnomah County Sheriff.  The Court granted Plaintiff
leave to file an amended complaint to cure the deficiencies as to

3 - OPINION AND ORDER

his claims against the Multnomah County Sheriff.

On February 6, 2013, Plaintiff filed a Motion to Amend, which is a narrative of assorted allegations against "parks employees," Portland City Parks Director Kurt Nelson, and "PPB Palmiter." Plaintiff asserts (1) various Notices of Compliance allegedly issued to Plaintiff constituted bills of attainder; (2) Plaintiff was deprived of property in violation of his right to due process; and (3) the Westside Community Court "is nothing more than a free slave system for the Portland business alliance to clean up downtown & the Pearl [and] it preys on the homeless for livability crimes with no authority of law, in secret." Plaintiff seeks discovery and a date for a jury trial.

On February 27, 2013, the Court construed Plaintiff's Motion to Amend as Plaintiff's Amended Complaint.

On March 13, 2013, the Multnomah County Sheriff filed a Motion to Dismiss Plaintiff's claims against him on the grounds that Plaintiff failed to provide the Multnomah County Sheriff with Tort Claim Notice within 180 days of his alleged injury and that Plaintiff fails to allege specific facts that state a claim against the Multnomah County Sheriff.

On April 9, 2013, Plaintiff filed a Response to Multnomah County Sheriff's Motion to Dismiss.

On May 13, 2013, Plaintiff filed a Motion for Expedited Consideration for Restraining Order, Injunctive Relief.

4 – OPINION AND ORDER

On June 6, 2013, the Court took Multnomah County Sheriff's Motion to Dismiss and Plaintiff's Motion for Expedited Consideration under advisement.

On June 20, 2013, Plaintiff filed a Motion for Emergency Injunctive Relief.

The Court took Plaintiff's Motion for Emergency Injunctive Relief under advisement on July 2, 2013.

## DEFENDANT MULTNOMAH COUNTY SHERIFF'S MOTION (#68) TO DISMISS

Multnomah County Sheriff moves to dismiss Plaintiff's claims against him on the grounds that (1) Plaintiff still fails to allege that he gave Tort Claim Notice to this Defendant; (2) Plaintiff, in fact, did not give Tort Claim Notice as required under the Oregon Tort Claims Act (OTCA), Oregon Revised Statute § 30.275; and (3) Plaintiff fails to set out any facts or allegations in his Amended Complaint specifically against the Multnomah County Sheriff.

**I.   Standards**

**A.   Dismissal for lack of jurisdiction pursuant to Rule 12(b)(1)**

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-

matter jurisdiction under Rule 12(b)(1), the court may consider
affidavits and other evidence supporting or attacking the
complaint's jurisdictional allegations.  *Autery v. U.S.*, 424 F.3d
944, 956 (9th Cir. 2005).  The court may permit discovery to
determine whether it has jurisdiction.  *Laub v. United States
Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  When the
court "receives only written submissions, the plaintiff need only
make a *prima facie* showing of jurisdiction."  *Rio Props., Inc. v.
Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

**B.    Dismissal for failure to state a claim pursuant to Rule
12(b)(6)**

>        To survive a motion to dismiss, a complaint
>        must contain sufficient factual matter,
>        accepted as true, to "state a claim to relief
>        that is plausible on its face." [*Bell
>        Atlantic v. Twombly*, 550 U.S. 554,] 570, 127
>        S. Ct. 1955.  A claim has facial plausibility
>        when the plaintiff pleads factual content
>        that allows the court to draw the reasonable
>        inference that the defendant is liable for
>        the misconduct alleged.  *Id.* at 556. . . .
>        The plausibility standard is not akin to a
>        "probability requirement," but it asks for
>        more than a sheer possibility that a
>        defendant has acted unlawfully.  *Ibid.*  Where
>        a complaint pleads facts that are "merely
>        consistent with" a defendant's liability, it
>        "stops short of the line between possibility
>        and plausibility of 'entitlement to relief.'"
>        *Id.* at 557, 127 S. Ct. 1955 (brackets
>        omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell
Atlantic*, 550 U.S. at 555-56.  The court must accept as true the
allegations in the complaint and construe them in favor of the

6 - OPINION AND ORDER

plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Id.* (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the court must construe *pro se* filings liberally.  If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

**II.  Tort Claim Notice**

7 - OPINION AND ORDER

As the Court advised Plaintiff in its January 16, 2013,
Opinion and Order, the OTCA provides in pertinent part:  "No
action arising from any act or omission of a public body or an
officer, employee or agent of a public body . . . shall be
maintained unless notice of claim is given as required by this
section."  Or. Rev. Stat. § 30.275(1).  "Under ORS 30.275(1), no
action arising from a public body's tort can be maintained
without timely tort claim notice."  *Barns v. City of Eugene*, 183
Or. App. 471, 474 (2002).  The OTCA further requires a plaintiff
to provide notice of his claim within "180 days after the alleged
loss or injury."  Or. Rev. Stat. § 30.275(2)(b).

Plaintiff has not alleged in his Amended Complaint that he
provided the Multnomah County Sheriff with notice of any claim
against him, and the Multnomah County Sheriff avers Plaintiff has
not provided him with any Tort Claim Notice.  In his Response
Plaintiff asserts various actions by employees of the Multnomah
County Sheriff's Office violated his right to due process under
42 U.S.C. § 1981 and that § 1981 "trumps any state-city-county"
right to notice under the OTCA.  The OTCA, however, requires
notice to any public body for any and all state-law tort claims.
Violation of Plaintiff's rights under § 1981 is not a state-law
tort claim, and, accordingly, Plaintiff's assertion of a
violation of § 1981 does not give rise to the OTCA notice
requirement.  Plaintiff's assertion of a claim for violation of

§ 1981, however, also does not excuse the notice requirement for any state-law tort claim under the OTCA.

Accordingly, to the extent that Plaintiff seeks to allege state-law tort claims against the Multnomah County Sheriff, the Court grants Defendant Multnomah County Sheriff's Motion to Dismiss on the ground that Plaintiff has failed to allege he provided timely Tort Claim Notice.  Because the Court previously has advised Plaintiff of his failure to allege that he provided Tort Claims Notice and of the consequences for that failure, the Court declines to grant Plaintiff leave to file a Second Amended Complaint to assert Tort Claims Notice or state-law tort claims.

**III. Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) requires a Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Ninth Circuit has made clear that

> dismissal for failure to state a claim is proper [when] there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  In addition, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief.

*Shroyer v. New Cingular Wireless Svcs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2012).  The Court recognizes complaints by *pro se* plaintiffs must be liberally construed.  Nevertheless, even a *pro se* plaintiff's complaint must contain "sufficient factual matter

to state a facially plausible claim to relief."  Plaintiff's
Amended Complaint, however, does not contain any factual
allegations specifically related to acts of the Multnomah County
Sheriff.

In his Response Plaintiff alleges on February 2, 2011,
unnamed Deputy Sheriffs "directed a work crew to destroy the
plaintiffs [*sic*] home and all its contents" and jailed Plaintiff
without due process in violation of his rights under the Fourth
and Fifth Amendments to the United States Constitution and
possibly in violation of 42 U.S.C. § 1981.  Plaintiff, however,
did not set out with particularity in his Amended Complaint that
such acts were directed or conducted by Multnomah County
Sheriff's Deputies or allege that the Multnomah County Sheriff
violated Plaintiff's rights under the Fourth and Fifth Amendments
or § 1981.  Accordingly, the Court grants Multnomah County
Sheriff's Motion to Dismiss.

Because Plaintiff is proceeding *pro se* and because Plaintiff
would have stated a claim against Multnomah County if he had
properly included these allegations in his Amended Complaint, the
Court grants Plaintiff leave to file a Second Amended Complaint
solely for the purpose of amending his allegations and claims
against the Multnomah County Sheriff to state claims for
violation of his rights under the Fourth and Fifth Amendments and
§ 1981 by Multnomah County Sheriff's Deputies on February 2,

2011.[1]

The Court notes Plaintiff must plead whether he brings his claims for violation of the Fourth and Fifth Amendment pursuant to 42 U.S.C. § 1983 against Multnomah County Sheriff's Deputies individually or against Multnomah County through its Sheriff Deputies acting in their official capacity.  If Plaintiff brings this action against Multnomah County Sheriff's Deputies individually, he must allege the particular defendant acted under color of law and the acts of the defendant deprived Plaintiff of his rights under the Fourth and/or Fifth Amendment.  *Clem v. Lomeli*, 566 F.3d 1177, 1181-82 (9th Cir. 2009).  If Plaintiff brings this action against Multnomah County through its Sheriff's Deputies acting in their official capacity, Plaintiff must allege the particular defendant acted under color of law, the acts of that defendant deprived the plaintiff of his rights under the Fourth and/or Fifth Amendment, and the particular defendant acted pursuant to an expressly-adopted official policy or a

---

[1] To the extent that Plaintiff does not know the identities of the Multnomah County Sheriff's Deputies who allegedly violated his rights under the Fourth and Fifth Amendments and § 1981, the Court notes generally the use of "John Doe" to identify a defendant is not favored.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Nevertheless, occasionally the identity of certain defendants will not be known before the filing of a complaint.  "In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Id*.

longstanding practice or custom of Multnomah County.  *Id*.  A
person acts "under color of law" when the person acts or purports
to act in the performance of official duties under any state,
county, or municipal law, ordinance, or regulation.  *Id*.
Finally, liability of a local governing body will lie only when
"action pursuant to official municipal policy of some nature
caused a constitutional" violation and not on the basis of
*respondeat superior*.  *Monell v. Dep't of Soc. Servs. of New York*,
436 U.S. 658, 691 (1978).  Such liability may attach when an
employee acted pursuant to an expressly-adopted official policy
or pursuant to a longstanding practice or custom.  *See e.g.*,
*Lytle v. Carl*, 382 F.3d 978, 981 (9th Cir. 2004); *Webb v. Sloan*,
330 F.3d 1158, 1164 (9th Cir. 2003).

The Court also advises Plaintiff that § 1981(a) provides:

> All persons within the jurisdiction of the United
> States shall have the same right in every State
> and Territory to make and enforce contracts . . .
> as is enjoyed by white citizens, and shall be
> subject to like punishment, pains, penalties,
> taxes, licenses, and exactions of every kind, and
> to no other.

Under § 1981(b) "the term 'make and enforce contracts' includes
the making, performance, modification, and termination of
contracts, and the enjoyment of all benefits, privileges, terms,
and conditions of the contractual relationship."  To state a
claim for violation of § 1981, a plaintiff must allege "he
. . . is a member of a racial minority, that the defendant

12 - OPINION AND ORDER

intended to discriminate against the plaintiff on the basis of race, and that the discrimination involved impairment of one of the rights enumerated in the statute, including the right to make and enforce contracts." *Blocker v. Wells Fargo Bank*, 2010 WL 6403721, at *5 (D. Or. Nov. 23, 2010)(citations omitted). Plaintiff, however, does not allege any facts to support a claim of intentional discrimination because of his race by Multnomah County Sheriff's Deputies. Accordingly, to the extent that Plaintiff intends to assert a claim for violation of § 1981 by Multnomah County Sheriff's Deputies, he must include allegations in his Second Amended Complaint sufficient to support such a claim as set out above.

Plaintiff is **not permitted** to add further claims, facts, or allegations in his Second Amended Complaint against Multnomah County beyond specific facts to support his claims for violation of his rights under the Fourth and Fifth Amendments and § 1981. If Plaintiff adds additional claims or allegations against Multnomah County in his Second Amended Complaint, those claims and allegations will be stricken and the Court will not consider them.

In summary, the Court **GRANTS** Defendant Multnomah County Sheriff's Motion to Dismiss to the extent that Plaintiff alleges state-law tort claims against Multnomah County Sheriff and **DISMISSES** those claims **with prejudice**. The Court also **GRANTS**

13 - OPINION AND ORDER

Defendant Multnomah County Sheriff's Motion to Dismiss as to Plaintiff's federal claims against Multnomah County Sheriff with leave to file a Second Amended Complaint **no later than July 23, 2013,** solely for the purpose of properly alleging claims against Multnomah County for violation of Plaintiff's rights under the Fourth and Fifth Amendments and § 1981 based on the alleged actions of Multnomah County Sheriff's Deputies On February 2, 2011.

## **PLAINTIFF'S MOTION (#79) FOR EXPEDITED CONSIDERATION OF RESTRAINING ORDER, INJUNCTIVE RELIEF AND PLAINTIFF'S MOTION (#89) FOR EMERGENCY INJUNCTIVE RELIEF**

In his Motions Plaintiff seeks orders restraining the City of Portland Parks Department from taking any "enforcement actions" against Plaintiff's property while he is "camping" in areas that may or may not be on City of Portland parks property such as the actions allegedly taken by various unnamed Parks Department employees on May 13, 2013, and June 20, 2013.

## **I.   Standards**

A party seeking a preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008).  "The elements of the

preliminary injunction test are balanced, so that a stronger
showing of one element may offset a weaker showing of another.
For example, a stronger showing of irreparable harm to plaintiff
might offset a lesser showing of likelihood of success on the
merits." *Alliance For The Wild Rockies v. Cottrell*, No. 09-
35756, 2011 WL 208360, at *4 (9th Cir. Jan. 25, 2011)(citing
*Winter*, 129 S. Ct. at 392).  Accordingly, the Ninth Circuit has
held "'serious questions going to the merits' and a balance of
hardships that tips sharply towards the plaintiff can support
issuance of a preliminary injunction, so long as the plaintiff
also shows that there is a likelihood of irreparable injury and
that the injunction is in the public interest." *Id.*, at *7.

"An injunction is a matter of equitable discretion" and is
"an extraordinary remedy that may only be awarded upon a clear
showing that the plaintiff is entitled to such relief." *Winter*,
129 S. Ct. at 376, 381.

## II.  Analysis

Defendant City of Portland notes Plaintiff has a history and
a present practice of camping and living on City of Portland
parks property, which is prohibited by Portland's City Code.  As
a result, Plaintiff has had a number of interactions with various
City of Portland Parks Department employees whose duty it is to
enforce the Portland City Code as to camping on such property.
Nevertheless, Plaintiff was not arrested or seized in the two

15 - OPINION AND ORDER

encounters that form the basis of his current Motions seeking
preliminary injunction.  According to City of Portland,
therefore, Plaintiff is not entitled to a preliminary injunction
because Plaintiff is not likely to succeed on the merits, an
injunction is not in the public interest, and the balance of
equities does not tip in Plaintiff's favor.  The Court agrees.

Portland City Code § 20.08.010 provides in pertinent part:

>It is unlawful for any person to conduct or
>participate in any activity in a Park, for which a
>permit is required, unless the Parks Reservation
>Center has issued a permit for the activity. A
>permit is required for any activity in a Park
>under any one or more of the following
>circumstances:
>
>                        * * *
>
>B.   The activity includes the placement of any
>temporary or permanent structure, including but
>not limited to any table, bench, stage, fence,
>tent or other facility in a Park.

Code § 20.12.265 provides in pertinent part:

>A.   In addition to other remedies provided for
>violation of this Code, or of any of the laws of
>the State of Oregon, any Park Officer may exclude
>any person who violates any applicable provision
>of law in any Park from that Park in accordance
>with the provisions of this Section.
>
>                        * * *
>
>E.   Written notice shall be given to any person
>excluded from any Park under this Section.  The
>notice shall specify the date, length and place of
>the exclusion, shall identify the provision of law
>the person has violated and shall contain a brief
>description of the offending conduct.  The notice
>shall inform the excluded person of the right to
>appeal, including the time limit and the place of

16 – OPINION AND ORDER

delivering the appeal.  It shall be signed by the
issuing party.  Warnings of consequences for
failure to comply shall be prominently displayed
on the notice.

F.    A person receiving such notice of exclusion
may appeal to the Code Hearings Officer in
accordance with the provisions of Title 22 of this
Code.  The Code Hearings Officer shall uphold the
exclusion if, upon the Code Hearings Officer's *de
novo* review, the preponderance of evidence
admissible under the provisions of Title 22 of
this Code convinces the Code Hearings Officer
that, more likely than not, the person in fact
committed the violation, and if the exclusion is
otherwise in accordance with law.

City of Portland points out that even though Plaintiff
received notices of exclusion for camping on City of Portland
park property as set out in Plaintiff's Motions, Plaintiff was
not arrested, seized, or detained on May 13, or June 20, 2013.
Plaintiff, therefore, has not established a likelihood of success
on any claim for illegal seizure or arrest associated with these
encounters.

In addition, an injunction allowing Plaintiff to camp and/or
to live in or on City of Portland parks property is not in the
public interest.  The Portland City Code § 20.12.010 specifically
sets out the purpose for establishing the conduct prohibited by
the Code, including the prohibition on placement of permanent or
temporary structures on parks property without a permit:

The purpose of this Chapter is to preserve the
Parks for the enjoyment, safety, comfort and
convenience of the public and to enhance the
orderly administration of the Parks, by
prohibiting conduct that unreasonably interferes

17 - OPINION AND ORDER

> with the administration and lawful use of the
> Parks.  The purpose of this Chapter is not to
> punish any person for prior conduct, but, rather,
> to provide civil and non-punitive regulations the
> Council finds necessary to prevent nuisances and
> to protect the health, welfare and safety of the
> public using the City's Parks.

Permitting Plaintiff to camp and/or to live in City of Portland parks would necessarily interfere with the enjoyment, comfort, and convenience of other members of the public using those parks as well as with the administration of those parks.

Finally, the Court notes the encounters that form the basis of Plaintiff's Motions are not encounters that form the basis for the allegations in Plaintiff's Amended Complaint.  This action is not a forum to address Plaintiff's ongoing issues with the City of Portland related to his use of City of Portland parks property.  Plaintiff, therefore, is directed not to file any further Motions seeking relief based on events that do not currently form the basis for Plaintiff's claims in his Amended Complaint.

Accordingly, the Court **DENIES** Plaintiff's Motion for Expedited Consideration of Restraining Order, Injunctive Relief and Plaintiff's Motion for Emergency Injunctive Relief.


## <u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Multnomah County Sheriff's Motion (#68) to Dismiss Plaintiff's Amended Complaint

18 - OPINION AND ORDER

Pursuant to FRCP 12(b)(1) and (6); **DENIES** Plaintiff's Motion (#79) for Expedited Consideration of Restraining Order, Injunctive Relief; and **DENIES** Plaintiff's Motion (#89) for Emergency Injunctive Relief.

The Court **GRANTS** Plaintiff leave to file a Second Amended Complaint **no later than July 23, 2013**, for the sole purpose of amending his allegations and claims against Multnomah County for violation of his rights under the Fourth and Fifth Amendments and/or § 1981 arising from the alleged actions by Multnomah County Sheriff's Deputies on February 2, 2011.  Plaintiff is **not permitted** to add further claims, facts, or allegations to his Second Amended Complaint against Multnomah County beyond those enumerated above.  If Plaintiff adds additional claims or allegations against Multnomah County in his Second Amended Complaint, those claims and allegations will be stricken and the Court will not consider them.

The Court also **DIRECTS** Plaintiff not to file additional requests for injunctive relief arising from alleged actions by Defendants that do not currently form the basis for the

allegations set out in Plaintiff's Amended Complaint.

     IT IS SO ORDERED.

     DATED this 11th day of July, 2013.


                /s/ Anna J. Brown

                _____
                ANNA J. BROWN
                United States District Judge