IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MICHAEL O'CALLAGHAN,                            3:12-CV-00201-BR

       Plaintiff,                          OPINION AND ORDER

v.

CITY OF PORTLAND; MULTNOMAH
COUNTY SHERIFF; WESTSIDE
COMMUNITY COURT; CITY OF
PORTLAND HEARINGS OFFICER
GREGORY FRANK; DIRECTOR KURT
NELSON, CITY PARKS; MARK
PALMITER, PORTLAND POLICE
OFFICER JOHN DOE,

       Defendants.


MICHAEL O'CALLAGHAN
P.O. Box 3321
Portland, OR 97208
(503)960-3787

       Plaintiff, *Pro Se*

JAMES H. VAN DYKE

1 - OPINION AND ORDER

City Attorney
**JAMES G. RICE**
Deputy City Attorney
City of Portland
1221 S.W. Fourth Avenue
Room 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendants City of Portland, Kurt Nelson, Gregory Frank, and Mark Palmiter

**JENNY M. MADKOUR**
Multnomah County Counsel
**DAVID N. BLANKFELD**
Assistant County Counsel
501 S.E. Hawthorne Boulevard
Suite 500
Portland, OR 97214
(503) 988-3138

       Attorneys for Defendant Multnomah County Sheriff

**BROWN, Judge.**

    This matter comes before the Court on Defendant Multnomah County Sheriff's Motion (#101) to Dismiss Plaintiff's Second Amended Complaint Pursuant to FRCP 12(b)(1) and (6) and Plaintiff's Motion (#108) to Vacate Sentence and Judgment.

    For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

<u>BACKGROUND</u>

    On February 3, 2012, Plaintiff Michael O'Callaghan filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against the City of Portland, the Multnomah County Sheriff, Westside Community Court,

2 - OPINION AND ORDER

Judge Evans, Judge Blank, Gregory Frank, Kurt Nelson, Portland Police Officer Palmiter, and three John Doe Portland police officers.  Plaintiff's Complaint consisted of a lengthy narration of numerous contacts that Plaintiff had with Portland police officers and various legal proceedings from May 2009 through December 2011.  Plaintiff did not identify the specific state or federal laws or provisions of the United States Constitution that Defendants allegedly violated.

On June 12, 2012, Defendant Multnomah County Sheriff filed a Motion to Dismiss Plaintiff's claims against him.

On January 16, 2013, the Court issued an Opinion and Order granting Multnomah County Sheriff's Motion to Dismiss on the grounds that (1) to the extent that Plaintiff sought to allege state-law claims against the Multnomah County Sheriff, Plaintiff failed to allege that he provided timely notice as required by the Oregon Tort Claims Act (OTCA); (2) to the extent that Plaintiff alleged state-law claims against the Multnomah County Sheriff, the proper Defendant would have been Multnomah County; and (3) Plaintiff failed in his Complaint to set out any factual allegations specifically related to the Multnomah County Sheriff. The Court granted Plaintiff leave to file an amended complaint to cure the deficiencies as to his claims against the Multnomah County Sheriff.

On February 6, 2013, Plaintiff filed a Motion to Amend,

3 - OPINION AND ORDER

which was a narrative of assorted allegations against "parks employees," unnamed Multnomah County Sheriff's deputies, Portland City Parks Director Kurt Nelson, and "PPB Palmiter."  Plaintiff asserted (1) various Notices of Compliance allegedly issued to Plaintiff constituted bills of attainder; (2) Plaintiff was deprived of property in violation of his right to due process; and (3) the Westside Community Court "is nothing more than a free slave system for the Portland business alliance to clean up downtown & the Pearl [and] it preys on the homeless for livability crimes with no authority of law, in secret."

On February 27, 2013, the Court construed Plaintiff's Motion to Amend as Plaintiff's Amended Complaint.

On March 13, 2013, the Multnomah County Sheriff filed a Motion to Dismiss Plaintiff's claims against him on the grounds that Plaintiff failed to provide him with Tort Claim Notice within 180 days of Plaintiff's alleged injury and Plaintiff fails to allege specific facts that state a claim against him.

On July 11, 2013, the Court issued an Opinion and Order in which it granted the Multnomah County Sheriff's Motion to Dismiss.  The Court noted it had previously advised Plaintiff as to the notice requirement of the OTCA, but Plaintiff again failed to allege that he provided the Multnomah County Sheriff with notice as required under the OTCA.  The Court, therefore, dismissed Plaintiff's state-law claims against the Multnomah

County Sheriff without leave to replead.  The Court also noted
Plaintiff's Amended Complaint did not contain any factual
allegations specifically related to acts of the Multnomah County
Sheriff with respect to Plaintiff's claims for violation of his
rights under the Fourth and Fifth Amendments and/or § 1981.
Plaintiff, however, alleged in his Response to the Multnomah
County Sheriff's Motion to Dismiss that on February 7, 2011,
unnamed Deputy Sheriffs "directed a work crew to destroy the
plaintiffs [*sic*] home and all its contents" and jailed Plaintiff
without due process in violation of his rights under the Fourth
and Fifth Amendments to the United States Constitution and
possibly in violation of 42 U.S.C. § 1981.  Nevertheless,
Plaintiff did not set out with particularity in his Amended
Complaint that such acts were directed or conducted by Multnomah
County Sheriff's Deputies.  The Court, therefore, permitted
Plaintiff to file a Second Amended Complaint on the grounds that
Plaintiff is proceeding *pro se* and might be able to state a claim
with the direction provided by the Court in its July 11, 2013,
Opinion and Order.  The Court, however, noted in the Order that
it was permitting Plaintiff to file a Second Amended Complaint

> for the sole purpose of amending his allegations
> and claims against Multnomah County for violation
> of his rights under the Fourth and Fifth
> Amendments and/or § 1981 arising from the alleged
> actions by Multnomah County Sheriff's Deputies on
> February 2, 2011.  Plaintiff is **not permitted** to
> add further claims, facts, or allegations to his
> Second Amended Complaint against Multnomah County

5 - OPINION AND ORDER

> beyond those enumerated above.  If Plaintiff adds
> additional claims or allegations against Multnomah
> County in his Second Amended Complaint, those
> claims and allegations will be stricken and the
> Court will not consider them.

Emphasis in original.

On July 23, 2013, Plaintiff filed a Second Amended Complaint in which he alleges, among other things, that the Multnomah County Sheriff violated his rights under the Fourth and Fifth Amendments to the United States Constitution.

On August 12, 2013, the Multnomah County Sheriff filed a Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to FRCP 12(b)(1) and (6).[1]  The Court took the Sheriff's Motion under advisement on September 16, 2013.

On October 21, 2013, Plaintiff filed a Motion to Vacate Sentence and Judgment.


**MULTNOMAH COUNTY SHERIFF'S MOTION (#101) TO DISMISS**

The Multnomah County Sheriff moves to dismiss Plaintiff's claims against him on the ground that Plaintiff fails to state a claim.

**I.   Standards**

---

[1] Although the Multnomah County Sheriff titles his Motion as one to dismiss pursuant to Rule 12(b)(1) and (6), he does not make any argument related to this Court's jurisdiction nor does such a legal argument appear to apply to the claims alleged against the Sheriff.  Accordingly, the Court addresses only the Sheriff's allegation that Plaintiff has failed to state a claim against him.

6 - OPINION AND ORDER

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face." [*Bell Atlantic v.
> Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A
> claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to
> draw the reasonable inference that the defendant
> is liable for the misconduct alleged.  *Id*. at 556.
> . . .  The plausibility standard is not akin to a
> "probability requirement," but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully.  *Ibid*.  Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'"  *Id*. at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell
Atlantic*, 550 U.S. at 555-56.  The court must accept as true the
allegations in the complaint and construe them in favor of the
plaintiff.  *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally
consider only allegations contained in the pleadings, exhibits
attached to the complaint, and matters properly subject to
judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.
2012)(citation omitted).  A court, however, "may consider a
writing referenced in a complaint but not explicitly incorporated
therein if the complaint relies on the document and its
authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756,
763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less
stringent standards than formal pleadings drafted by lawyers."

7 - OPINION AND ORDER

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Akhtar v. Mesa*, 698 F.3d at 1212 (quotation omitted).  "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  *Id.* (quotation omitted).  "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (quotation omitted).

## II.  Discussion

Plaintiff alleges in his Second Amended Complaint that on February 3, 2011, Portland Police Officer Palmiter and Portland Parks Ranger Supervisor Kurt Nelson came to the place that Plaintiff was living/camping and gave him a Notice of an illegal campground.  The Notice provided:

> It is the policy of the City of Portland to provide 24-hour notice before removing shelters erected at illegal campgrounds.  All other illegal campgrounds will be subject to immediate cleaning and removal.
>
> Shelter is available in Portland through several nonprofit service agencies.  For more information about shelter and other services, contact Transition Projects, 435 NW Glisan, telephone 823-4934.

> To reclaim property removed from this campsite
> call 823-1750.  Property unclaimed 30 days after
> the property is removed will be destroyed.

Second Am. Compl., Ex. 1 at 1.  Plaintiff alleges Officer

Palmiter and a Multnomah County Sheriff's Deputy came to

Plaintiff's "sidewalk site" on February 7, 2011, and "directed

the work crew to destroy [Plaintiff's] home and personal property

contained therewithin.  The property was taken to an unknown and

unretrievable location."  Second Am. Compl. at 1-2.  Plaintiff

alleges the Sheriff's Deputy did not "present [Plaintiff] with a

chargeable instrument . . . [or] a search warrant."  Plaintiff

alleges the removal of his property and the failure to provide

him with a search warrant or "chargeable instrument" violated his

rights under the Fourth and Fifth Amendments to the United States

Constitution.

The Fourth Amendment prohibits only those searches and

seizures that are "unreasonable."  The Fifth Amendment, applied

to the states through the Fourteenth Amendment, provides "[n]o

state shall . . . deprive any person of life, liberty, or

property, without due process of laws."  Due process requires

notice and the opportunity to be heard.  *United States v.

Shanholtzer*, 492 F. App'x 799, 801 (9th Cir. 2012)(citation

omitted).

Oregon Revised Statute § 203.077 requires all municipalities

and counties to develop policies for removal of homeless camps or

9 - OPINION AND ORDER

camping on public property, including parks.  Oregon Revised

Statute § 203.079(1) requires policies adopted by municipalities

and counties for the removal of those camping on public property

to comply with the requirements of due process by providing the

following:

>           (a) Prior to removing homeless individuals from an
>           established camping site, law enforcement
>           officials shall post a notice, written in English
>           and Spanish, 24 hours in advance.
>
>                               * * *
>
>           (d) All unclaimed personal property shall be given
>           to law enforcement officials whether 24-hour
>           notice is required or not.  The property shall be
>           stored for a minimum of 30 days during which it
>           will be reasonably available to any individual
>           claiming ownership.  Any personal property that
>           remains unclaimed for 30 days may be disposed of.
>           For purposes of this paragraph, "personal
>           property" means any item that is reasonably
>           recognizable as belonging to a person and that has
>           apparent utility.  Items that have no apparent
>           utility or are in an insanitary condition may be
>           immediately discarded upon removal of the homeless
>           individuals from the camping site.  Weapons, drug
>           paraphernalia and items that appear to be either
>           stolen or evidence of a crime shall be given to
>           law enforcement officials.

As noted, Plaintiff alleges in his Second Amended Complaint

that he was provided with Notice of an illegal campground more

than 24 hours before authorities removed his property from the

public property on which he was illegally camping.  The Notice

attached to Plaintiff's Second Amended Complaint complies with

the requirements of Oregon Revised Statute § 203.079:  It advised

Plaintiff that he was camping illegally on public property,

10 - OPINION AND ORDER

informed him about the availability of shelter and other
services, and advised how to retrieve his property that was
removed by officials.  The Notice also meets the due-process
notice requirement of the Fourteenth Amendment.  In addition,
provision of the notice more than 24 hours in advance of the
removal of Plaintiff's property satisfies the reasonableness
requirement of the Fourth Amendment.  Finally, the storage of
Plaintiff's removed property for 30 days and a process for
Plaintiff to reclaim his removed property meet the requirements
of due process.

Plaintiff does not allege he attempted to call the telephone
number provided on the Notice to reclaim his property or that he
called and was in some way barred from reclaiming his property.
In addition, Plaintiff does not point to, nor could this Court
find, any case in which a court held seizure and removal of
property from an illegal campsite after 24-hour advance notice
and an opportunity to reclaim the property violated a plaintiff's
rights under the Fourth or Fifth Amendments.  *See, e.g., Todd v.
City of Portland*, No. 3:12-CV-2239-JE, 2013 WL 1562965, at *3 (D.
Or. Mar. 20, 2013)("Plaintiff's allegation that the 'Parks
Department left an eviction type notice' at his camp in Forest
Park is insufficient to assert constitutional violations by the
City of Portland.").  *Cf. Lavan v. City of Los Angeles,* 693 F.3d
1022, 1032-33 (9th Cir. 2012)(municipality's seizure and

11 - OPINION AND ORDER

immediate destruction of homeless persons' unabandoned property on public sidewalks without prior notice and without the opportunity for them to retrieve their property violated Fourth and Fourteenth Amendments).

The Court concludes on this record that Plaintiff has not stated a claim against the Multnomah County Sheriff for violation of his rights under the Fourth or Fifth Amendment, and, therefore, the Court grants the Multnomah County Sheriff's Motion to Dismiss Plaintiff's claims against him.

## PLAINTIFF'S MOTION (#108) TO VACATE<br>SENTENCE AND JUDGMENT[2]

In his Motion to Vacate Sentence and Judgment Plaintiff alleges:

> On 2-10-11 the plaintiff was arrained [*sic*] in the Multnomah County Court for Criminal Mischief II. At the time arrainment [*sic*] [Plaintiff] requested a trial by jury in writing. That was denied by the court.
>
> * * *
>
> On October 3, 2013, the State of Oregon issued its opinion in *State v. Benoit* CC 111051946 CV 5060858 affirming the right to a jury trial on a criminal charge.

---

[2] Although Defendants' response to Plaintiff's Motion is not due until November 7, 2013, the Court may address jurisdiction *sua sponte* "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3). *See also O'Neal v. Price*, 531 F.3d 1146, 1154 (9th Cir. 2008)(court may dismiss *sua sponte* matters over which it does not have jurisdiction).

12 - OPINION AND ORDER

> Thus the plaintiff prays in light of this decision
> that this court vacate the sentence and judgment
> in case # 110140807.

Plaintiff's claim is barred by the *Rooker-Feldman* Doctrine. Under the *Rooker-Feldman* Doctrine, federal district courts lack jurisdiction over cases in which a plaintiff seeks review of state-court judgments. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007)(citing *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007)). The doctrine bars a federal court's direct review of issues actually decided by state courts as well as "claim[s] that 'amount[] to nothing more than an impermissible collateral attack on prior state court decisions'" and are "inextricably intertwined with the forbidden appeal." *Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1166 (9th Cir. 2006)(quoting *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995), and citing *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003)).

The *Rooker-Feldman* Doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally-protected rights to due process and equal protection. *Bates v. Jones*, 131 F.3d 843, 856 (9th Cir. 1997)(citing *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986)).

*Rooker-Feldman* is a jurisdictional doctrine rather than a *res judicata* doctrine. *Elwood v. Drescher*, 456 F.3d 943, 948

(9th Cir. 2006).  In *Robinson v. Ariyoshi* the court explained:

> [T]he *res judicata* requirement of full and fair opportunity to litigate and the *Feldman* 'inextricably intertwined' barrier are two sides of the same coin.  Under the rubric of either 'jurisdiction' or '*res judicata*,' the crux of the question is whether there has already been actual consideration of and a decision on the issue presented.  If consideration and decision have been accomplished, action in federal court is an impermissible 'appeal' from the state court decision.  If no consideration has been given, or any decision on the matter is ambiguous, it is unlikely that the issues presented to the state high court and to the federal court are so 'inextricably intertwined' that the federal court cannot take jurisdiction.  Nor is it likely that there will have been a full enough and fair enough opportunity for litigation to warrant the claim preclusive effect of res judicata.

753 F.2d 1468, 1472 (9th Cir. 1985), *vacated on other grounds by* 477 U.S. 902 (1986).

Plaintiff requests this Court to review and to reverse the decision of the Multnomah County Circuit Court, and, therefore, the *Rooker-Feldman* Doctrine applies.  Thus, the Court lacks subject-matter jurisdiction over Plaintiff's request to vacate his state judgment and sentence.  Accordingly, the Court denies Plaintiff's Motion to Vacate Sentence and Judgment.

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendant Multnomah County Sheriff's Motion (#101) to Dismiss Plaintiff's Second

14 - OPINION AND ORDER

Amended Complaint Pursuant to FRCP 12(b)(1) and (6), **DISMISSES** Plaintiff's claims against the Multnomah County Sheriff without leave to amend, and **DENIES** Plaintiff's Motion (#108) to Vacate Sentence and Judgment.

This matter will proceed only as to Plaintiff's claims against Defendants City of Portland, Kurt Nelson, Gregory Frank, and Mark Palmiter.

IT IS SO ORDERED.

DATED this 29th day of October, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER