IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL O'CALLAGHAN,** | 3:12-CV-00201-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **CITY OF PORTLAND; DIRECTOR KURT NELSON, GREGORY FRANK, and MARK PALMITER,** | |
| Defendants. | |

**MICHAEL O'CALLAGHAN**
P.O. Box 3321
Portland, OR 97208
(503)960-3787

       Plaintiff, *Pro Se*

**JAMES H. VAN DYKE**
City Attorney
**JAMES G. RICE**
Deputy City Attorney
City of Portland
1221 S.W. Fourth Avenue
Room 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendants City of Portland, Kurt Nelson, Gregory Frank, and Mark Palmiter

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#109) to Compel Discovery and Plaintiff's Motion (#120) for Discovery.

On June 24, 2013, Plaintiff submitted a request to Defendants to produce "any communication, video, email, notes, writings, recordings of any and all persons under the City's control" related to 27 documents attached to Plaintiff's Complaint, many of which are documents written by Plaintiff and directed to unspecified City officials describing Plaintiff's version of numerous events.

On July 25, 2013, Defendants responded to each of Plaintiff's requests for production: (1) directing Plaintiff to online resources that answer his requests, (2) advising Plaintiff that Defendants have previously provided the documents requested, (3) asserting the only responsive documents were the ones attached to Plaintiff's Complaint, (4) asserting the documents sought are protected by attorney-client privilege, or (5) advising Plaintiff that his requests were "so vague and ambiguous that defendant[s] can not [sic] determine the documents being sought."

On October 21, 2013, Plaintiff filed a Motion to Compel Discovery in which Plaintiff continues to seek unspecified communications or anything related to the numerous documents

attached to his Complaint.  For example, Plaintiff notes "there was a transcriber at the [unspecified] hearing.  The hearing officer was taking notes, it was recorded, also documents were produced, no doubt there is a paper file an emails."

On November 13, 2013, Plaintiff filed a document titled "Discovery," which states in its entirety:

> In accordance with FRCP 26 rule 26 the Plaintiff requests discovery from the above named defendants for the following:  Anything written, photocopied, E mailed [sic], memo's [sic], notes, conversations with notes, video, recorded calls, any and all information concerning the above captioned case. Please mail to P.O. Box 3321 PDX 97208.

On November 22, 2013, Defendants filed a Response to Plaintiff's Motions in which Defendants set out the chronology of Plaintiff's discovery requests and Defendants' responses. Defendants also attach their July 25, 2013, response to Plaintiff's requests.  Defendants do not specifically address Plaintiff's Motions (#109, #120) in their Response.

The Court concludes Plaintiff's Motion (#120) is vague, overly broad, and unduly burdensome.  Accordingly, the Court **DENIES** Plaintiff's Motion (#120) for Discovery.

The Court, however, concludes Plaintiff's requests for discovery related to particularized events in his Motion (#109) for Discovery beginning on page four are sufficiently specific as to provide Defendants with enough information to respond to Plaintiff's requests.

3 - OPINION AND ORDER

Accordingly, the Court **GRANTS** Plaintiff's Motion (#109) to the extent that the Court **DIRECTS** Defendants to conduct a search any unprivileged documents or materials responsive to Plaintiff's requests beginning on page four of his Motion (#109) for Discovery and to produce any such materials to Plaintiff **no later than February 18, 2014.**

IT IS SO ORDERED.

DATED this 17th day of January, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

4 - OPINION AND ORDER