IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL O'CALLAGHAN,

        Plaintiff,

  v.

CITY OF PORTLAND; MULTNOMAH
COUNTY SHERIFF; WESTSIDE
COMMUNITY COURT; CITY OF
PORTLAND HEARINGS OFFICER
GREGORY FRANK; DIRECTOR KURT
NELSON, CITY PARKS; MARK
PALMITER, PORTLAND POLICE
OFFICER JOHN DOE,

        Defendants.

3:12-CV-00201-BR

OPINION AND ORDER

AIKEN, Chief Judge.

    Plaintiff, appearing pro se, moves for recusal of Judge Anna J. Brown, the presiding judge in this case. The motion is DENIED.

## DISCUSSION

    Plaintiff moves for recusal on the grounds that Judge Brown "abridged [his] right to presumed innocence" in this civil rights

1 - OPINION AND ORDER

action when she referred to Plaintiff camping illegally in prior Opinions and Orders in this matter.

Sections 144 and 455 of Title 28 of the United States Code govern the recusal of a district judge.  Under both statutes, a district judge must recuse herself if a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned.  *Liteky v. United States*, 114 S. Ct. 1147, 1150, 1154 (1994).  *See also Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993); *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).  "To warrant recusal, judicial bias must stem from an extrajudicial source."  *Taylor*, 993 F.2d at 712.

Here, as noted, Plaintiff seeks the recusal of Judge Brown on the basis of her previous rulings in this matter and not based on any "extrajudicial source" of alleged prejudice.  "[J]udicial rulings alone[, however,] almost never constitute a valid basis for a bias or partiality motion."  *Liteky,* 114 S. Ct. at 1157. "In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."  *Id.*  Similarly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not

2 - OPINION AND ORDER

constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Moreover, this Court has reviewed the Orders made by Chief Judge Brown in this matter and notes the references to Plaintiff illegally camping on City land in Judge Brown's Opinions and Orders in the matter are not established conclusions of fact or law, but instead are references to allegations and legal argument by the parties in this matter. The Court does not find any basis to conclude Judge Brown's decisions are the product of personal bias against Plaintiff or that there is any objectively reasonable basis to question Judge Brown's impartiality.

Accordingly, the Court concludes Plaintiff has failed to make any showing that Judge Brown is personally biased against him.

### CONCLUSION

For these reasons, Plaintiff's Motion (#211) for Recusal is DENIED.

IT IS SO ORDERED.

DATED this 6th day of February, 2015.

_____
ANN L. AIKEN
Chief United States District Judge

3 - OPINION AND ORDER