IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL O'CALLAGHAN,                    3:12-CV-00201-BR

       Plaintiff,                   OPINION AND ORDER

v.

CITY OF PORTLAND, DIRECTOR
KURT NELSON, GREGORY FRANK,
and MARK PALMITER,

       Defendants.


**MICHAEL O'CALLAGHAN**
P.O. Box 3321
Portland, OR 97208
(503)960-3787

       Plaintiff, *Pro Se*

**JAMES H. VAN DYKE**
City Attorney
**JAMES G. RICE**
Deputy City Attorney
City of Portland
1221 S.W. Fourth Avenue
Room 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendants City of Portland, Kurt Nelson,
       Gregory Frank, and Mark Palmiter

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#224) to Compel Discovery.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### STANDARD

The Ninth Circuit has made clear that "'broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'"  *Ariz. v. City of Tucson*, 761 F.3d 1005, 1009 (9th Cir. 2014)(quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

### DISCUSSION

In his latest Motion to Compel Plaintiff continues to assert the City of Portland has failed to produce all of the emails sent or received by Kurt Nelson relevant to Plaintiff and this action.

Stefania Holstun, a paralegal with the City of Portland, testifies in her Declaration that she has "conducted numerous searches on the archived email of Kurt Nelson."[1]  Decl. of Stefania Holstun at ¶ 3.  Specifically, Holstun testifies she

---

[1] Kurt Nelson stopped working for the City of Portland on December 31, 2011.

2 - OPINION AND ORDER

conducted a search of Nelson's archived email "for email relating to the plaintiff" at some point between December 12, 2014, and January 7, 2015, and found two emails relating to Plaintiff that the City withheld on the ground of attorney-client privilege. Holstun Decl. at ¶¶ 7, 9. Deputy City Attorney Jim Rice advised Plaintiff of Holstun's findings by letter dated January 7, 2015.

Holstun testifies she conducted another search of Nelson's archived emails "for the terms 'Ross Island Camper' and 'box man' as well as variations of those terms" at some point between February 23, 2015, and March 12, 2015, and did not find any emails. Holstun Decl. at ¶¶ 10-11. Rice advised Plaintiff of Holstun's findings by letter dated March 12, 2015.

Finally, Holstun testifies she has searched for the emails referenced by Plaintiff in his Motion to Compel and did not find any discoverable emails. Specifically, Holstun testifies:

> 13. I have specifically searched for the emails Mr. O'Callaghan refers to in his Motion to Compel, 100520, 100526, 100532, 100537 and 100542. None of these emails were retained in Mr. Nelson's archived email account.
>
> 14. Documents Bates numbered 100520, 100526, 100532, 100537 and 100542 are all dated January 28, 2011 between 11:41 am and 11:46 am.
>
> 15. There are no emails in Mr. Nelson's archived email account dated January 28, 2011.
>
> 16. Mr. O'Callaghan also refers to an email attached to his Motion to Compel. This email is dated February 23, 2011 and is an exchange between Mr. Nelson and Amber Moser of the

3 - OPINION AND ORDER

           Multnomah County District Attorney's office.

17. There are no emails in Mr. Nelson's archived account dated February 23, 2011. There is only one email from Ms. Moser to Mr. Nelson dated June 3, 2011 and it is unrelated to the plaintiff and any of his claims.

18. The City's former email program Outlook, allowed users to create folders into which email could be saved separate from the email account. These folders are saved as .pst files.

19. Although these types of .pst files were accessible through the Outlook Mailbox, the actual files were stored on either a PC hard drive or a network drive and not in the email account.

20. A search of the Park Bureau's network drives has been conducted and no additional .pst files associated with Mr. Nelson can be located.

Holstun Decl. at ¶¶ 13-20.

    The City points out in its Response to Plaintiff's Motion that Nelson left employment with the City of Portland on December 31, 2011; he was not a prolific email user; and he used email primarily for administrative purposes such as personnel, budget, and park-related issues. In addition, the Park Rangers that Nelson supervised did not have email, and, therefore, Nelson communicated with them primarily in person or by telephone.

    On this record the Court concludes the City has made a sufficiently thorough, comprehensive, and diligent search of its email system, and there is not any basis not to accept the City's representation that there are not any further emails responsive

4 - OPINION AND ORDER

to Plaintiff's requests for discovery or to his Motion to Compel.

The Court also concludes Plaintiff's suggestion to appoint a court-assigned individual to engage in a search of the City's computer system is simply unnecessary on this record. The Court has actively managed the discovery process in this case and given Plaintiff several opportunities to identify information he seeks. The fact is that Plaintiff has received all of the results of his discovery requests to the extent that such discovery existed. The Court concludes the additional delay and high cost of Plaintiff's proposal coupled with the City's compliance with discovery requests weigh significantly against the appointment of a third-party to engage in an expensive and unwarranted search for email.

Accordingly, the Court denies Plaintiff's Motion to Compel.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#224) to Compel Discovery.

IT IS SO ORDERED.

DATED this 17th day of April, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER