# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL O'CALLAGHAN** | Case No. 3:12-cv-0201-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **CITY OF PORTLAND, GREGORY FRANK**, and **KURT NELSON,** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Y. You issued Findings and Recommendations ("F&R") in this case on September 24, 2019. ECF 298. Magistrate Judge You recommended that the motion to dismiss filed by the City of Portland, Gregory Frank, and Kurt Nelson (collectively, Defendants) against Plaintiff Michael O'Callaghan should be **DISMISSED WITH PREJUDICE**. The Court **ADOPTS** the Findings and Recommendations.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

In her F&R, Judge You held that Plaintiff lacked standing because he did not allege facts showing that he faces a "credible risk of prosecution" under the anti-camping ordinance. ECF 298 at 10. Plaintiff timely filed an "Answer to motion to dismiss" (ECF 300), which the Court construes as objections to Judge You's F&R. Although Plaintiff does not specifically refer to any portions of the F&R, he questions Judge You's conclusion that he does not have standing to raise an as-applied Eighth Amendment challenge to Portland's anti-camping ordinance. He notes that "he has endured 19 illegal campsite notices" and "the destruction of three of his homes." ECF 300 at 2. By alleging that Judge You failed to read his "motion to reopen the case," he also appears to object to Judge You's finding that his Fourth, Fifth, and Fourteenth Amendment claims exceed the scope of the Ninth Circuit's remand. Defendants responded (ECF 301). They did not address the merits of Plaintiff's Eighth Amendment objection and agreed with Judge You's analysis that Plaintiff's other claims exceeded the scope of the Ninth Circuit's remand.

The Court agrees that Plaintiff lacks standing to raise an as-applied Eighth Amendment challenge to Portland's anti-camping ordinance. Plaintiff was never prosecuted or fined for violating the anti-camping ordinance. Nor has he alleged facts demonstrating that it is likely he will be prosecuted or fined for violating the anti-camping ordinance in the future. Thus, the Court finds that he has not alleged a concrete and particularized injury. *See Martin v. City of Boise*, 920 F.3d 584, 610 (9th Cir. 2019), *cert. denied sub nom. Boise, ID v. Martin*, No. 19-247, 2019 WL 6833408 (U.S. Dec. 16, 2019) (finding that Plaintiffs experiencing homelessness had standing only where they showed a credible risk of future prosecution under anti-camping ordinances). As Defendants persuasively argue, "[p]laintiff cannot bring an as-applied challenge to an ordinance that was never applied to him." ECF 293 at 13.

For those portions of Judge You's Findings and Recommendations to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge You's Findings and Recommendation.

**IT IS SO ORDERED.**

DATED this 17th day of January, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge